UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00270-BJB-CHL

**DENISE CREEKMUR,**                                              **Plaintiff,**

v.

**LOWE'S HOME CENTERS, LLC,**                           **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court are three motions: (1) the Motion to Exclude Any Expert Testimony Offered by Plaintiff As Inadmissible and to Prevent Any Further Disclosure of Experts by Plaintiff, and Motion To Extend Defendant's Expert Disclosure Deadline ("Motion to Exclude") (DN 22) filed by Defendant Lowe's Home Centers, LLC ("Lowe's"); (2) Lowe's Motion for Leave to Supplement and Amend Its Motion to Extend Defendant's Expert Disclosure Deadline ("Motion to Supplement") (DN 23); and (3) the Parties' Joint Motion to Extend Fact Discovery (DN 28). Plaintiff Denise Creekmur ("Creekmur") filed a response to Lowe's Motion to Exclude (DN 22), and Lowe's filed a reply. (DNs 26, 27.) Creekmur did not file a separate response to Lowe's Motion to Supplement (DN 23), and her time to do so has expired. Therefore, these motions are ripe for review.

**I.    BACKGROUND**

    **A.    Factual Background and Procedural History**

This action stems from personal injuries Creekmur received while shopping at a Lowe's store on April 5, 2019. (DN 1-2.) The action was filed in Hardin Circuit Court, Hardin County, Kentucky on April 2, 2020, and removed to this Court on April 15, 2020. (DNs 1, 1-2.) On August 13, 2020, the Court entered a scheduling order that set Creekmur's deadline to disclose expert

witnesses for November 30, 2020, and Lowe's deadline to disclose expert witnesses for January 29, 2021. (DN 14.) With regard to COVID-19 and the likely difficulties related to the same, the Court's scheduling order also provided as follows:

> The Parties are advised that this action is not stayed, and even in light of COVID-19, the Court directs the Parties to keep this action moving forward. Counsel should consider and plan ahead for any logistical difficulties that will result from themselves, their support staff, or their clients working from home. The Court encourages the Parties to be flexible with each other as necessary to respond to these difficulties. As to depositions, the Parties are directed to utilize video conferencing and/or other means to take remote depositions. However, nothing in this order should be construed as a requirement—or even encouragement—for any deponent, party representative, or attorney to be present in person with each other or to otherwise violate the current guidance regarding the importance and need for social distancing or any other current health guidelines regarding COVID-19.

(*Id.* at PageID # 47.)

On December 1, 2020, the day after her expert disclosure deadline expired, Creekmur's counsel filed an expert witness disclosure in the record that stated in full:

> Pursuant to Federal Rule of Civil Procedure 26(a)(2), Plaintiff, Denise Creekmur ("Ms. Creekmur"), discloses the following Expert Witnesses:
>
> At this time, due to the COVID restrictions, Plaintiff has not yet formally identified an Expert Witness and the investigation is continuing. However, Plaintiff, Ms. Creekmur, expressly reserves all rights to supplement the information contained in this Expert Witness Disclosure, should more information become available to her.

(DN 19.) In response, Lowe's filed a Motion to Exclude in which it moved to preclude Creekmur from presenting any expert testimony given her failure to properly disclose an expert by the deadline for doing so. (DN 22.) Lowe's also moved to extend its own expert disclosure deadline and to extend all other deadlines by sixty days. (*Id.*) Shortly after filing its Motion to Exclude (DN 22), Lowe's filed a Motion to Supplement (DN 23) seeking to amend its Motion to Exclude to request a ninety day extension of deadlines in lieu of a sixty day extension because the Parties were forced to reschedule Creekmur's deposition due to her counsel's health issues.

2

After a February 10, 2021, status conference, the Court held all deadlines except the fact discovery deadline in abeyance pending resolution of Lowe's Motion to Exclude (DN 22) and Motion to Supplement (DN 23). (DN 25.) The Court also extended the fact discovery deadline to April 12, 2021. (*Id.*) Subsequently, on March 31, 2021, the Parties filed a Joint Motion to Extend Fact Discovery requesting an extension of the fact discovery deadline through May 27, 2021. (DN 28.)

### B.     The Instant Motions

#### 1.     Motion to Exclude (DN 22) and Motion to Supplement (DN 23)

In its Motion to Exclude, Lowe's argued that Creekmur must be prevented from disclosing any expert testimony in this action pursuant to Fed. R. Civ. P. 37(c). (DN 22.) It emphasized that despite the expert disclosure's reference to COVID-19-related obstacles, COVID-19 and the accompanying difficulties and restrictions to ongoing litigation as a result of the same predate the instant action. (*Id.* at PageID # 60.) It argued that Creekmur had not presented any evidence that her failure to disclose an expert witnesses was harmless or substantially justified as required and emphasized the prejudice that a surprise or undisclosed expert witness would work to Lowe's at trial. (*Id.* at 64-66.) It also requested that it be granted a sixty day extension of its expert disclosure deadline and all other deadlines because of Creekmur's delay in providing both written discovery responses, including a medical records authorization, and deposition dates. (*Id.* at 61-62, 67.) Lowe's represented that it did not receive a medical records authorization from Creekmur to allow it to begin collecting her medical records until October 20, 2020, and that as of the date of filing its motion, it was still waiting on medical records it requested from providers that it needed to obtain any expert testimony. (*Id.* at 61-62.) Shortly after filing its Motion to Exclude, Lowe's sought to amend its Motion to Exclude to request a ninety day extension of deadlines in lieu of a

3

sixty day extension because the Parties were forced to reschedule Creekmur's deposition due to her counsel's health issues. (DN 23.) Its Motion to Supplement emphasized that Creekmur's deposition testimony was integral to ensuring Lowe's had collected all pertinent medical records and to assessing its need for expert testimony. (*Id.*)

In her response to Lowe's motion, Creekmur argued that pursuant to Fed. R. Civ. P. 37, her failure to disclose an expert was both substantially justified and harmless. (DN 26.) She indicated that if the Court granted her additional time to disclose an expert, she would not oppose a corresponding extension of Lowe's deadline to eliminate any surprise to Lowe's and facilitate Lowe's ability to cure any such surprise. (*Id.* at PageID # 99.) She emphasized that this matter is not yet set for trial such that allowing her additional time to disclose an expert would not, therefore, disrupt trial. (*Id.* at 100.) By way of reason for her failure to previously disclose an expert, she represented that her counsel has a large criminal defense practice that was significantly affected by the COVID-19 pandemic and that the pandemic made it difficult for her to locate an expert who was willing to travel to Kentucky. (*Id.* at 96-97.) Ultimately, Creekmur admitted that "it would have been more prudent to attempt a joint deadline extension" than to file the disclosure she did. (*Id.* at 98.) However, Creekmur represented that she had now located two possible experts but had not yet retained either due to uncertainty about whether she would be able to disclose the same given Lowe's Motion to Exclude. (*Id*. at 102.)

In its reply, Lowe's emphasized how much time Creekmur had previously been given to find and disclose an expert between the filing of this action in April 2020 and her original November 30, 2020 disclosure deadline. (DN 27.) It questioned how diligently Creekmur could have been trying to find an expert during that period given that she allegedly managed to find two potential experts between the February 10, 2021, telephonic status conference the filing of her

4

response on February 23, 2021. (*Id.* at PageID # 118.) It also argued that while adjusting deadlines might help "avoid unfair surprise," "causing greater delay will only prejudice Lowe's as it must expend further resources to defend this matter." (*Id.* at 120.)

### 2.  Joint Motion for Extension of Time (DN 28)

In their Joint Motion for Extension of Time to Complete Discovery, the Parties sought an extension of time through May 27, 2021, to complete fact discovery. (DN 28.) In support, they noted that the Parties were attempting to schedule the depositions of two Lowe's employees but would be unable to complete them before the current April 12, 2021, deadline due to the witnesses' schedules. (*Id.*) The Parties also reported that they have a private mediation scheduled for May 18, 2021. (*Id.*)

## II.  DISCUSSION

### A.  Motion to Exclude (DN 22) and Motion to Supplement (DN 23)

Fed. R. Civ. P. 26(a)(1)(A) requires a party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" in its initial disclosures. Fed. R. Civ. P. 26(a)(1)(A). A different section of that Rule requires a party to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). A party must also provide the other information required by the Rule for special retained and non-specially retained experts. Fed. R. Civ. P. 26(a)(2)(B)-(C). A party must supplement its expert and initial disclosures if necessary. Fed. R. Civ. P. 26(e). Here, Creekmur's expert disclosure (DN 19) facially fails to comport with these requirements and was not made on or before the deadline set by this Court's Scheduling Order (DN 14).

Pursuant to Fed. R. Civ. P. 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015), the Sixth Circuit adopted a five factor test for assessing whether a late or omitted disclosure is substantially justified or harmless. The Court should consider

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id.* (quoting *Russell v. Absolute Collection Servs., Inc.,* 763 F.3d 385, 396-97 (4th Cir. 2014)).

Here, the Court finds that the balance of these factors weigh in favor of allowing Creekmur additional time to disclose an expert witness. As to the first three factors, while the Court agrees with Lowe's that a surprise expert can work substantial prejudice to the opposing party at trial, no trial has yet been scheduled in this matter. The Court can cure any surprise by granting Lowe's a corresponding extension of time to disclose its own expert witness. Further, given the realities of conducting trials during COVID-19, it is unlikely that any potential trial would be scheduled soon enough that allowing additional time for expert disclosures and discovery would disrupt the same. As to the fourth factor, given that this is a premises liability case, a medical or other expert could offer important evidence in support of Creekmur's claims. Thus, the fourth factor also weighs in support of allowing additional time for Creekmur to provide an expert disclosure. The fifth and final factor weighs against allowing additional time to disclose an expert. The Court warned the Parties at the outset of this litigation to plan for COVID-19 related to difficulties and to make adjustments to avoid them wherever possible. The Court finds Creekmur's explanation of her failure to disclose an expert unsatisfactory given the length of time Creekmur was granted to

procure and disclose an expert. The Court also does not see how the issues she described prevented her from requesting an extension of her deadline prior to the expiration of the same. However, as the balance of the five factors weigh in favor of allowing Creekmur additional time to retain an expert, the Court will deny Lowe's Motion to Exclude (DN 22) in so far as it requests that Creekmur be barred from disclosing an expert altogether.

As to Lowe's requested extension of its own deadline, the Court will grant both its requested extension and its Motion to Supplement its motion to request ninety in lieu of sixty days. The Court will set a schedule below that takes into account the private mediation the Parties have scheduled. The Court will set the Parties' expert disclosure deadlines for after that mediation to help the Parties avoid further expense until after they have attempted to resolve the case.

**B.     Joint Motion for Extension (DN 28)**

Having reviewed the Parties' motion, the Court finds that the Parties have made diligent attempts to complete fact discovery. The Parties took multiple witness depositions and exchanged written discovery. Creekmur's counsel's response to Lowe's Motion to Exclude (DN 22) also details his recent health issues, including a COVID-19 diagnosis, which has hampered the Parties' ability to make progress in early 2021. Given these facts, the Parties' motion to extend the fact discovery deadline through May 27, 2021, will be granted. Fed. R. Civ. P. 16(b)(4); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). The Court will also require the Parties to file a joint status report regarding the outcome of their private mediation as set forth below.

7

**III.   ORDER**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

(1) Lowe's Motion to Exclude (DN 22) is **GRANTED IN PART** as to its requested extension of deadlines and **DENIED IN PART** in all other respects.

(2) Lowe's Motion to Supplement (DN 23) is **GRANTED**.

(3) The Parties' Joint Motion for Extension of Time to Complete Discovery (DN 28) is **GRANTED**.

(4) The Parties shall file a joint status report regarding whether the matter settled at the scheduled May 18, 2021, mediation on or before **May 25, 2021**. If the mediation is unsuccessful, the Parties shall indicate in their joint status report whether they request either *ex parte* calls regarding settlement or a settlement conference with the undersigned.

(5) The Court's August 13, 2020, Scheduling Order (DN 14) and February 16, 2021, Order (DN 25) are hereby amended as follows:

    (a) The Parties shall complete all fact discovery on or before **May 27, 2021**.

    (b) Identification of experts in accordance with Fed. R. Civ. P. 26(a)(2) shall be due

        By Plaintiff:    No later than **June 18, 2021**

        By Defendant:    No later than **July 16, 2021**

    (c) The Parties shall complete all expert discovery on or before **August 13, 2021**.

    (d) This matter is set for a telephonic status conference before the undersigned on **August 17, 2021, at 11:00 AM ET**. Counsel for the Parties shall connect

        to the conference by dialing toll free number 1-888-808-6929 and entering access code 2773744#.

(e)     No later than **September 10, 2021**, counsel for the Parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

(f)     All remaining provisions of this Court's prior orders (DNs 14, 25) remain in full effect.

*[Signature]*

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record
    April 15, 2021

9